UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------------X
NORTHFIELD INSURANCE COMPANY,

                            Plaintiff,

                    -against-

JVA DEICING INC, JOSEPH TUZZE, CARGILL,
INCORPORATED, and CAROL DONAHUE, Individually
and as Administratrix of the Estate of Mark Donahue,
deceased,

                            Defendants.
------------------------------------------------------------------------X

Civil Action No.

**COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW the Plaintiff, Northfield Insurance Company ("Northfield"), by and through its undersigned counsel, Usery & Associates, and requests judgment in its favor and against the Defendants, JVA DeIcing, Inc. ("JVA"), Joseph Tuzze ("Mr. Tuzze"), Cargill, Incorporated ("Cargill"), and Carol Donahue, Individually and as Administratrix of the Estate of Mark Donahue, deceased ("Ms. Donahue"), and in support of such request states as follows:

## INTRODUCTION

1.     In this action, Northfield seeks a declaration that it is not obligated to defend or indemnify JVA, or any other party, in connection with an underlying lawsuit brought by Ms. Donahue against JVA, Mr. Tuzze, and Cargill, asserting claims related to the death of Mark Donahue ("Mr. Donahue"). That lawsuit is styled *Donahue v. Tuzze, et al.*, in the Court of Common Pleas of Lackawanna County, Civil Action No. 2023cv141 (the "Underlying Action").

## THE PARTIES

2.     Northfield is an Iowa corporation with its principal place of business in Hartford, Connecticut.

1

3. JVA is a Pennsylvania corporation with its principal place of business in Carbondale, Pennsylvania.

4. Upon information and belief, Mr. Tuzze is an individual who resides in Carbondale, Pennsylvania.

5. Cargill is a Delaware corporation with its principal place of business in Wayzata, Minnesota.

6. Ms. Donahue is an individual who resides in Pittston, Pennsylvania.

## JURISDICTION AND VENUE

7. This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

8. An actual and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201 regarding the scope and extent of insurance coverage, if any, under a policy of insurance issued by Northfield to JVA.

9. This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties.

10. In the Underlying Action, Ms. Donahue alleges that, through negligent, reckless, willful, and/or wanton acts, defendants therein caused Mr. Donahue's injury and death when he was allegedly crushed between two trucks and buried under salt as a result of the collapse of a mountain of salt. Accordingly, this Court has personal jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## INSURANCE POLICY

12.  Northfield issued a policy providing JVA with commercial general liability coverage under policy number WS442829 for the policy period December 22, 2020 to December 22, 2021 (the "Northfield Policy"). A true copy of the Northfield Policy is attached as Exhibit A hereto.

13.  Subject to various terms, conditions, and exclusions, the Northfield Policy generally provides, among other things, coverage for bodily injury that takes place during the policy period and is caused by an accident.

14.  The Northfield Policy contains Commercial General Liability Coverage Form CG 00 01 12 07, which provides, in relevant part:

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any "suit" that may result. . . .

15.  The Northfield Policy also contains endorsement S94-CG (11/17), entitled EXCLUSION – INJURY TO EMPLOYEES, WORKERS OR CONTRACTED PERSONS (the "Contracted Persons Exclusion"), which states:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART

1. The following exclusion is added to Paragraph **2. Exclusions,** of **SECTION I – COVERAGES – COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**:

   **Bodily Injury to Employees, Workers Or Contracted Persons**

   This insurance does not apply to "bodily injury" to:

   **(1)** Any person who is an "employee", "leased worker", "temporary worker" or "volunteer worker" of you or any insured arising out of and in the course of:

   **(a)** Employment by you or any insured;

   **(b)** Performing duties related to the conduct of your business or any insured's business;

   **(2)** Any person who contracted with you or with any insured for the performance of services, whether the services are to be performed by or for you, or by or for any insured, arising out of and in the course of performing duties related to the conduct of your business or any insured's business;

   **(3)** Any person who is employed by, is leased to, or contracted with any other person or organization that:

   **(a)** Contracted with you or with any insured for the performance of services, whether the services are to be performed by or for that other person or organization; or

   **(b)** Contracted with others on your behalf for the performance of services, whether the services are to be performed by or for that other person or organization;

   arising out of and in the course of employment by, or in the course of performing duties for, that other person or organization and while performing the contracted services;

   . . .

   For purposes of this exclusion, contracted includes entering into an oral or written contract.

   This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** Whether the insured may have any obligation to share damages with or repay someone else who must pay damages because of the injury.

16. The Northfield Policy also contains endorsement S252-CG (1/13), entitled EXCLUSION – AIRCRAFT, AUTO OR WATERCRAFT (the "Automobile Exclusion"), which provides, in relevant part, that coverage is excluded for:

> "Bodily Injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any Insured, an agent of any insured, or an independent contractor providing services for or on behalf of any Insured. Use includes operation and "loading or unloading".
>
> This exclusion applies even if the claims against any Insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that Insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured, an agent of any insured, or an independent contractor providing services for or on behalf of any insured.

17. The Northfield Policy also contains an exclusion of contractual liability (the "Contractual Liability Exclusion"), which provides:

> **2. Exclusions**
>
> This insurance does not apply to: . . .
>
> **a.** Contractual Liability
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

        **(1)** That the insured would have in absence of the contract or agreement; or

        **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. . . .

18. The Northfield Policy also contains endorsement CG 21 39 (10 93) CONTRACTUAL LIABILITY LIMITATION, which states:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY INSURANCE
> PRODUCTS/COMPLETED OPERATIONS LIABILITY
> COVERAGE PART
>
> The definition of "insured contract" in the DEFINITIONS Section is replaced by the following:
>
> "Insured contract" means:
>
> a. A contract for a lease of the premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";
>
> b. A sidetrack agreement;
>
> c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
>
> d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
>
> e. An elevator maintenance agreement.

## FACTUAL BACKGROUND

19. In the Underlying Action, Ms. Donahue alleges that her husband, Mr. Donahue, was killed while at a property owned by JVA while working for his employer, John Halliday Trucking, Inc. ("Halliday"). A true and accurate copy of Ms. Donahue's Complaint in the Underlying Action (the "Underlying Complaint"), filed on January 17, 2023, is attached hereto as Exhibit B.

20. In the Underlying Complaint, Ms. Donahue alleges that JVA was the deed owner, in possession and control of a salt storage and handling facility at 4 ½ Coxton Road, in Duryea, Pennsylvania 18642 (the "Premises").

21. Ms. Donahue further alleges in the Underlying Complaint that JVA, by and through its agent Mr. Tuzze, entered into a Salt Storage and Handling Agreement with Cargill, through which Cargill would deliver Bulk Deicing Salt to the Premises, where JVA would store it.

22. Ms. Donahue further alleges in the Underlying Complaint that JVA would receive orders from Cargill of the Bulk Deicing Salt and dispatch trucks, as directed by Cargill, to complete orders for Cargill.

23. Ms. Donahue further alleges in the Underlying Complaint that Cargill would pay storage and handling fees to JVA for these services.

24. Ms. Donahue further alleges in the Underlying Complaint that Cargill entered into a Broker Services Agreement with JVA by which JVA agreed to arrange transportation of products from origin locations to destination locations designated by Cargill.

25. Ms. Donahue further alleges in the Underlying Complaint that sometime in February 2021, JVA contracted with Halliday to have Halliday provide trucking services to JVA and deliver bulk salt to Cargill's customers.

26. Ms. Donahue further alleges in the Underlying Complaint that on or about February 8, 2021, Mr. Donahue was employed by Halliday as a Tri-Axle dump truck driver, and that he was present on the Premises that day to have his truck loaded with rock salt.

27. Ms. Donahue further alleges in the Underlying Complaint that on or about February 8, 2021, having exited his vehicle, Mr. Donahue was killed when an approximately forty foot tall salt pile collapsed and pushed two dump trucks into the truck Mr. Donahue had been driving.

28. According to the allegations in Ms. Donahue's Underlying Complaint, Mr. Donahue was killed when he was crushed between two trucks and buried under rock salt.

29. Ms. Donahue alleges in the Underlying Complaint that Mr. Donahue's death was the result of the negligent, reckless, willful, and wanton conduct of JVA and Cargill.

30. On or about February 8, 2021, JVA tendered the Underlying Action to Northfield.

31. On or about February 26, 2021, Northfield issued a letter to JVA reserving its rights to disclaim coverage based on, among other things, the Contracted Person's Exclusion and the Contractual Liability Exclusion.

32. On or about March 19, 2021, Northfield issued a letter to JVA's counsel that, among other things, disclaimed coverage based on the Contractual Liability Exclusion and the Automobile Exclusion.

33. On or about April 15, 2021, Northfield issued a letter to JVA that, among other things, disclaimed coverage based on the Contractual Liability Exclusion and the Automobile Exclusion.

34. On or about February 1, 2023, Northfield issued a letter to JVA, disclaiming coverage based on the Contacted Persons Exclusion and reserving its rights to disclaim coverage based on the Automobile Exclusion.

35. However, subject to a full reservation of rights, Northfield has provided and continues to provide a courtesy defense to JVA in the Underlying Action.

## NORTHFIELD'S CAUSE OF ACTION FOR DECLARATORY RELIEF

36. Northfield repeats and realleges the allegations set forth in paragraphs 1-35 above as if set forth here in their entirety.

37. The Northfield Policy does not provide coverage to JVA or any other party in connection with the Underlying Action, because Halliday contracted with JVA for the performance of services and Mr. Donahue was employed by Halliday providing said services at the time of his alleged injury and death.

38. The Northfield Policy also does not provide coverage to JVA or any other party in connection with the Underlying Action because Mr. Donahue's injury and death arose out of the ownership, maintenance, use or entrustment to others of one or more trucks owned, operated, rented, or loaned to Halliday, an independent contractor providing services on JVA's behalf.

39. The Northfield Policy does not provide coverage to JVA or any other party in connection with the Underlying Action to the extent the claims against them seek contractual indemnity damages under a contract that is not an "insured contract" as defined by the Northfield Policy.

40. Northfield therefore is entitled to and demands a declaration that is has no obligation to defend or indemnify JVA or any other party in connection with the Underlying Action

## PRAYER FOR DECLARATORY RELIEF

**WHEREFORE**, Northfield respectfully requests that the Court enter judgment as follows:

a. Declaring that there is no coverage for JVA or any other party for the Underlying Action under the Northfield Policy;

b. Declaring that Northfield owes no duty to defend JVA or any other party in connection with the Underlying Action;

c. Declaring that Northfield owes no duty to indemnify JVA or any other party in connection with the Underlying Action;

d. Declaring that Northfield may withdraw its defense of JVA in the Underlying Action; and

e. Award such other and further relief to Northfield as the Court deems just and proper under the circumstances.

Dated: March 15, 2023

**RESPECTFULLY SUBMITTED:**

**USERY & ASSOCIATES**

By:     /s/ Michael J. McLaughlin
       Michael J. McLaughlin
*Attorneys for Plaintiff Northfield Insurance Company*
Phone : 917.778-6680
Fax : 844.571-3789
Email : mjmclaug@travelers.com

<u>Please address all correspondence sent by mail to:</u>
P.O. Box 2996
Hartford, CT 06104-2996

<u>Physical Address</u>:
10 Sentry Parkway, Suite 300
Blue Bell, Pennsylvania 19422