Amy C. Gross, Esq.
Usery & Associates
*Attorneys for Plaintiff, Northfield Insurance Company*

Robert D. Schaub, Esq.
Robert L. Gawlas, Esq.
Rosenn, Jenkins & Greenwald, L.L.P.
*Attorneys for Defendants JVA Deicing, Inc. and Joseph Tuzze*

Christopher P. Caputo, Esq.
Joseph E. Mariotti, Esq.
Caputo and Mariotti, P.C.
*Attorneys for Defendant Carol Donahue*

Stephen C. Baker, Esq.
John B. Dempsey, Esq.
Richard L. Armezzani, Esq.
Myers, Brier & Kelly, LLP
*Attorneys for Defendant Cargill, Incorporated*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

----------------------------------------------------------------------X
NORTHFIELD INSURANCE COMPANY,

                Plaintiff,

        -against-

JVA DEICING INC, JOSEPH TUZZE, CARGILL,
INCORPORATED, and CAROL DONAHUE,
Individually and as Administratrix of the Estate of Mark
Donahue, deceased,

                Defendants.
----------------------------------------------------------------------X

Civil Action No. 23-cv-461-JPW

**JUDGE JENNIFER P. WILSON**

## JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties[1] hereby submit the following Joint Case Management Plan.

---

[1] All counsel participated in the drafting of this document, but the parties were unable to secure counsel for Carol Donahue's review and sign-off on some final edits prior to filing.

1.  Principal Issues

   1.1   Separately for each party, please give a statement summarizing this case:

   By plaintiff:

   Northfield Insurance Company ("Northfield") commenced this affirmative declaratory judgment action to establish that it has no duty to defend or indemnify JVA Deicing, Inc. ("JVA") as to an underlying wrongful death action initiated by Carol Donahue, widow of Mark Donahue ("Mr. Donahue"), who was killed when he was crushed between two trucks and buried under rock salt on JVA's property. The complaint also seeks a declaration that Northfield does not have any obligations toward the other parties to the underlying action – Ms. Donahue, Joseph Tuzze (allegedly JVA's agent), and Cargill, Incorporated ("Cargill"). Mr. Donahue was an employee of J.P. Halliday Truck ("Halliday"), which allegedly had an agreement to deliver salt for JVA, which JVA had agreed to store and deliver for Cargill. Because Mr. Donahue was employed by Halliday, providing services under a contract with JVA, at the time of the accident, the Contracted Persons Exclusion in the Northfield policy applies to bar coverage for his injury and death.

   By defendants:

   Defendants JVA Deicing, Inc. and Joseph Tuzze

   Mr. Donahue ignored warnings from JVA to not leave his vehicle, and left his truck alongside the rock salt pile at JVA's location. While he was waiting, outside the truck in defiance of JVA's warnings, he was crushed by his truck after the salt pile collapsed, and died. After his death, Ms. Donahue filed a wrongful death lawsuit in the Court of Common Pleas of Lackawanna County.

   Northfield has issued a reservation of rights relating to coverage to JVA in the wrongful death lawsuit under a policy of insurance that it issued. While Mr. Donahue was using a Halliday truck, there is a dispute as to whether or not Mr. Donahue was performing services in his capacity as an employee of Halliday at the time of the accident. If Mr. Donahue was not acting in his capacity as an employee of Halliday at the time of the accident, then Northfield is obligated to provide coverage to JVA.

   Defendant Carol Donahue

Defendant Carol Donahue's position is that limited discovery will bear out that on the day of the accident JVA contracted with many different trucking companies for myriad reasons. That Halliday trucking and its employees on the date of the accident were providing different services for different entities, including entities not identified in any agreement or insurance policy. That procedures followed on the date of the accident will establish that at the time Mark Donahue was crushed he was waiting in an area designated by JVA in order to have his tri-axle filled with salt and that until his truck was filled and weighed, there is no way to establish for whom he was providing services when he was killed.

Defendant Cargill, Incorporated

The allegations of Northfield's Complaint and the provisions of Commercial Insurance Policy No. WS442829 cited therein will not allow Northfield to carry its burden to prove an exclusion to coverage. Although Northfield purports to assert that state court pleadings in an underlying personal injury action in the Court of Common Pleas of Lackawanna County abrogate coverage, those pleadings do the opposite: they place very much in doubt decedent Mark Donahue's purpose while at the JVA facility in Duryea at the time of his accident on February 8, 2021. (*See* Complaint and Answers at ¶¶ 41, 43). Northfield must do far more than point to disputes in state court pleadings in order to satisfy its burden to prove an exclusion to coverage.

1.2   The facts the parties <u>dispute</u> are as follows:

   a. Whether Mr. Donahue was performing services in his capacity as an employee of Halliday at the time of his accident.

   b. Whether Mr. Donahue was, at the time of his accident, at the Duryea facility in order to pick up salt pursuant to a purported contract between JVA and Halliday.

   c. At the time of Mr. Donahue's accident, Halliday had an agreement in place with JVA to delivery bulk salt for JVA.

    d.  JVA sold salt to JVA's own customers outside of JVA's agreement to deliver salt for Cargill.

    e.  JVA possessed or controlled the premises where Mr. Donahue's accident took place.

<u>agree</u> upon are as follows:

    a.  Mr. Donahue was an employee of Halliday.

    b.  At the time of Mr. Donahue's accident, JVA had written agreements in place with Cargill.

    c.  Mr. Donahue's accident took place while he was waiting for the truck he was driving to be filled with salt.

    d.  Mr. Donahue was outside of the truck at the time of his accident.

    e.  JVA delivered salt for Cargill to Cargill's customers.

1.3    The legal issues the parties <u>dispute</u> are as follows:

Northfield's coverage obligations as to the named defendants with respect to the underlying action initiated by Ms. Donahue in the Court of Common Pleas of Lackawanna County.

<u>agree</u> upon are as follows:

None.

1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None.

1.5	Identify any named parties that have not yet been served:

None.

1.6	Identify any additional parties that:

plaintiff intends to join:

None.

defendants intend to join:

None at the present time.

1.7	Identify any additional claims that:

plaintiff intends to add:

None.

defendants intend to add:

None at the present time.

2.0	Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rules of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1	Separately for each party, list by <u>time and title/position</u> each person whose identity has been disclosed.

Disclosed by plaintiff:

| Name | Title/Position |

| Name | Title/Position |
|---|---|
| Laurie Frost | Claim Professional |
| Joseph Tuzze, Sr. | Owner of JVA |
| Joseph Tuzze, Jr. | Title/Position of JVA unknown |
| Representative of Cargill | Unknown |
| Representative of Halliday | Unknown |
| Carol Donahue | N/A |
| Joe Cieszkowski | Plant Manager at JVA |
| Allen Fowler | Driver at Halliday |

Disclosed by defendant:

Defendants JVA Deicing, Inc. and Joseph Tuzze

| Name | Title/Position |
|---|---|

To be provided with JVA's Rule 26(a) Disclosures, which are forthcoming.

Defendant Carol Donahue

| Name | Title/Position |
|---|---|

To be provided with Rule 26(a) Disclosures, which are forthcoming.

Defendant Cargill, Incorporated

| Name | Title/Position |
|---|---|
| Christopher Gampfer | Senior Inventory Planner, subject to supplement in Rule 26(a) Disclosures, which are forthcoming. |

3.0   Early Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|

None currently anticipated.

4.0   Discovery

    4.1   Briefly describe any discovery that has been completed or is in progress:

By plaintiff:

Plaintiff will be serving document demands shortly.

By defendants:

Defendants JVA Deicing, Inc. and Joseph Tuzze

Defendants, JVA Deicing, Inc. and Joseph Tuzze, intend to serve written discovery requests, and, if necessary, take depositions, relating to the issues in the instant case.

Defendant Carol Donahue

Defendant Carol Donahue will serve written discovery to the parties in this action and to Halliday Trucking, which will be followed by depositions, if necessary, to ascertain the purpose for which Mr. Donahue's truck was to be loaded when his accident occurred on February 8, 2021.

Defendant Cargill, Incorporated

Cargill will serve written discovery on the parties in this action and to Halliday Trucking, which will be followed by depositions, if necessary, to ascertain the purpose for which Mr. Donahue's truck was to be loaded when his accident occurred on February 8, 2021.

4.2     Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

   a. Document demands to confirm relationships between and among JVA, Halliday, Cargill, and Mr. Donahue.

   b. Document demands and deposition testimony from JVA and Halliday concerning whether or not Mr. Donahue was performing services in his capacity as an employee of Halliday at the time of his accident.

   c. Document demands and deposition testimony from JVA and Halliday concerning whether or not Mr. Donahue was at the site of the accident in order to pick up salt pursuant to JVA's purported contract with Halliday at the time of his accident.

   d. Policy documents from JVA.


4.3     Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

   None.


4.4     Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

   None.

4.5     For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff and by defendants):

    4.5.1   Depositions (excluding experts) to be taken by:

        plaintiff ____10____     defendants ____15____

    4.5.2   Interrogatories to be served by:

        plaintiff ____25____     each defendant ____25____

    4.5.3   Document production requests to be served by:

        plaintiff ____30____     each defendant ____30____

    4.5.4   Requests for admission to be served by:

        plaintiff ____20____     each defendant ____20____

4.6     Discovery of Electronically Stored Information

    <u>X</u>   Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

_____   Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

5.0   Protective Order

    5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

    5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

6.0   Scheduling

    6.1   Final date for joining additional parties:

        11/5/2023   Plaintiff

        11/5/2023   Defendants

    6.2   Final date for amending pleadings:

        11/5/2023   Plaintiff

        11/5/2023   Defendants

    6.3   All fact discovery commenced in time to be completed by:

        December 29, 2023

6.4   All potentially dispositive motions should be filed by:

   __January 31, 2024__

6.5   Reports from retained experts due:

   from plaintiff by   __January 31, 2024 (if any)__

   from defendant by   __March 1, 2024 (if any)__

6.6   Supplementations due   __March 15, 2024__

6.7   All expert discovery commenced in time to be completed by

   __April 12, 2024__

6.8   This case may be appropriate for trial in approximately:

   _____ 240 Days from the filing of the action in this court

   __X__ 365 Days from the filing of the action in this court

   _____ Days from the filing of the action in this court

6.9   Suggested Date for the final Pretrial Conference

   __June 2024__ (month/year)

6.10   Trial

      6.10.1  Suggested Date for Trial:

          _____August 2024_____ (month/year)


7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)

    I hereby certify that the following individual(s) have settlement authority.

_____Laurie Frost_____
Name

_____Claim Professional_____
Title

_____c/o Usery & Associates, P.O. Box 2996_____

_____Hartford, CT 06104-2996_____(counsel for plaintiff)_____
Address

( 651 ) 310 - ____4054_____      Daytime Telephone


_____Nathan Hoffman, Esquire_____
Name

_____Senior Attorney, Cargill Incorporated_____
Title

_____c/o John B. Dempsey, Myers, Brier & Kelly, LLP, 425 Spruce Street, Scranton, PA 18503_____

_____
Address

(____)____-_____      Daytime Telephone


_____Joseph Tuzze_____
Name

Owner, JVA Deicing, Inc._____
_____
Title

<u>c/o Rosenn Jenkins & Greenwald, LLP, 1065 Highway 315, Suite 200, Wilkes-Barre, PA 18702</u>

Address

(_____)_____ - _____    Daytime Telephone

Name

      <u>Christopher Caputo</u>

Title

      <u>Counsel  Carol Donahue</u>

      <u>730 Main Street, Moosic, PA 18507</u>

Address

<u>(570)</u>   - <u>342-9999</u>_____    Daytime Telephone

Name

Title

Address

(_____)_____ - _____    Daytime Telephone

8.0    Alternative Dispute Resolution ("ADR")

    8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        ADR procedure _____<u>None</u>_____

Date ADR to be commenced _____N/A_____

Date ADR to be completed _____N/A_____

8.2   If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

8.3   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:
This is a lawsuit to determine insurance coverage, which either is or is not available. The disputed facts are believed to be narrow, and the parties anticipate the case will most likely be resolved through summary judgment motions.

9.0   Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636 (c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: _____ Y __x__ N.

Plaintiff does not consent to proceed before a magistrate judge.

Defendants JVA Deicing, Inc., Joseph Tuzze, Carol Donahue, and Cargill do consent.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

   _____ Scranton / Wilkes-Barre

   _____ Harrisburg

   _____ Williamsport

10.0   Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

11.0   Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address and telephone number lead counsel for each party.

Also please indicate ECF User status below.

Dated:     August 7, 2023

        Amy C. Gross, Esq.
        Usery & Associates
        *Attorneys for Plaintiff, Northfield Insurance Company*
        485 Lexington Avenue, 6th Floor
        New York NY 10017
        Direct: 917.778.6462
        Fax: 844.571-3789
        Email: acgross@travelers.com

   __X__      ECF User

  _____     Waiver requested (as separate document)

   __X__      Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:  August 7, 2023_____

        Robert D. Schaub, Esq.
        Robert L. Gawlas, Esq.
        Rosenn, Jenkins & Greenwald, L.L.P.
        *Attorneys for Defendants JVA Deicing, Inc. and Joseph Tuzze*
        Cross Creek Pointe
        1065 Highway 315, Suite 200
        Wilkes-Barre, PA 18702
        T: (570) 826-5600
        rschaub@rjglaw.com
        rlgawlas@rjglaw.com

   __X__      ECF User

  _____     Waiver requested (as separate document)

   __X__      Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:  _____August 7, 2023_____

        Christopher P. Caputo, Esq.
        Joseph E. Mariotti, Esq.
        Caputo and Mariotti, P.C.
        *Attorneys for Defendant Carol Donahue*

        730 Main Street
Moosic, PA 18507
T: (570) 342-9999
F: (570) 457-1533
cpcaputo@caputomariotti.com
jmariotti@caputomariotti.com

  __X__     ECF User

 _____     Waiver requested (as separate document)

 _____     Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: ____August 7, 2023_____

Stephen C. Baker, Esq.
John B. Dempsey, Esq.
Richard L. Armezzani, Esq.
Myers, Brier & Kelly, LLP
*Attorneys for Defendant Cargill, Incorporated*
425 Biden Street, Suite 200
Scranton, PA 18503
T: (570) 342-6100
sbaker@mbklaw.com
jdempsey@mbklaw.com
rarmezzani@mbklaw.com

  __X__     ECF User

 _____     Waiver requested (as separate document)

  __X__     Fed.R.Civ.P.7.1 (statement filed if necessary)*

*Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state that there is no such corporation.