IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NORTHFIELD INSURANCE COMPANY,** | : | No. 3:23cv461 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| **JVA DEICING, INC.; JOSEPH TUZZE; CARGILL, INC.; and CAROL DONAHUE, Individually and as Administratrix of the Estate of Mark Donahue, deceased,** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM & ORDER

Before the court for decision is a discovery dispute that has arisen between Plaintiff Northfield Insurance Company and Defendant Carol Donahue, individually and as Administratrix of the Estate of Mark Donahue. The parties have briefed their respective positions and plaintiff has produced the documents at issue for *in camera* review.

**Background**

This case involves an underlying action which was filed in the Court of Common Pleas of Lackawanna County, Pennsylvania. In that case, Carol Donahue sues individually and as Administratrix of the Estate of Mark Donahue, deceased. (Doc. 1-2, Lack. Cnty. Compl.). Donahue seeks damages from JVA

Deicing, Inc., Joseph Tuzze, and Cargill, Inc., relating to the death of her husband, Mark Donahue, which occurred on JVA Deicing's premises. (Id.) That case was filed on January 17, 2023, and evidently is still proceeding in Lackawanna County.

Defendant JVA Deicing was insured through a policy with Plaintiff Northfield Insurance Company at the time of the incident which is the subject to the underlying lawsuit. (Doc. 1, Compl. ¶ 12). Plaintiff filed the instant lawsuit seeking a declaratory judgment that it is not required to indemnify or defend the underlying state court action on behalf of JVA Deicing or any other party. (See generally, Doc. 1).

Here, a dispute has arisen regarding documents and communications produced and redacted by Plaintiff Northfield. Plaintiff produced a privilege log to which Defendant Donahue objected. (Doc. 54-2). Plaintiff responded to the objections listing its rationale as to why certain privileges apply to the material. (Doc. 54-3). Plaintiff asserts that the material is protected either by attorney-client privilege or work product privilege. The party asserting an evidentiary privilege bears the burden of proving the privilege applies. In re Grand Jury Investigation, 918 F.2d 374, 385, n.15 (3d Cir. 1990).

The court will discuss each issue and then rule as to whether they apply to the documents at issue.

**1. Attorney-Client Privilege**

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). The attorney-client privilege limits the normally broad disclosure requirements of Rule 26. Piazza v. Cnty. of Luzerne, No. 3:13-CV-1755, 2015 WL 6690090, at *2 (M.D. Pa. Oct. 30, 2015)(citations omitted). The law provides:

> The traditional elements of the attorney client privilege that identify communications that may be protected from disclosure in discovery are: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his or her subordinate, and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal services or (iii) assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 862 (3d Cir. 1994)("Rhone-Poulenc")(citations omitted).

The purpose of the attorney-client privilege is to ensure that clients may obtain legal advice from their attorneys in confidence. Id. at 864. Although attorney-client privilege is worthy of maximum legal protection, "its limitation on discovery also requires that the privilege must be strictly confined

3

within its narrowest possible limits consistent with the logic of its principle." Piazza, 2015 WL 6690090, at *2 (citing Rhone-Poulenc, 32 F.3d at 862; In re Grand Jury Investigation, 599 F.2d 1224, 1235 (3d Cir. 1979)(internal quotation marks removed and further citations omitted)).

"[A] party can waive the attorney client privilege by asserting claims or defenses that put his or her attorney's advice in issue in the litigation." Rhone-Poulenc, 32 F.3d at 863 (collecting and reviewing cases). Accordingly, there is a two-step inquiry into determining whether the privilege has been placed in issue: 1) the assertion of a claim or defense; and 2) an attempt to prove that claim or defense by disclosing or describing an attorney-client communication. Id.

## 2. Work Product Privilege

Work product privilege is governed by a uniform federal standard embodied in Federal Rule of Civil Procedure 26(b)(3), which explains discovery of materials generated in preparation for trial. The rule protects from disclosure "the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." United Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 966 (3d Cir.1988).

The work product doctrine does not apply to all material prepared by or for the agents of an insurer. It may, however, be invoked regarding documents prepared in anticipation of litigation. "[I]tems prepared in anticipation of litigation

4

are generally protected from discovery by an opposing party[,]" under Rule 26(b)(3). In re Linerboard Antitrust Litig., 237 F.R.D. 373, 381 (E.D. Pa. 2006). "An insurance company cannot reasonably argue that the entirety of its claims files are accumulated in anticipation of litigation when it has a duty to investigate, evaluate[,] and make a decision with respect to claims made on it by its insureds." Id. (quoting Lyvan v. Harleysville Ins. Co., Civ. No. 93–cv–6145, 1994 WL 533907, *3 (E.D.Pa. Sept.29, 1994)). Thus, to apply the work product privilege requires an assessment of when litigation was anticipated by the insurance company. The Third Circuit Court of Appeals has noted that "[p]rudent parties anticipate litigation and begin preparation prior to the time suit is formally commenced." Martin v. Bally's Park Place Hotel & Casino, 983 F.2d 1252, 1260 (3d Cir. 1993) (citation omitted).

Here, plaintiff argues that it anticipated litigation very soon after the incident. Plaintiff indicates that it was informed of the fatal accident on the day that it happened, February 8, 2021. (Doc. 53, Pl. Br. at 6). Plaintiff claims that on February 9, 2021, it became aware that Defendant Donahue's counsel had sent a "preservation notice" to JVA seeking preservation of evidence regarding the accident. The following month, Donahue filed a praecipe for summons and pre-complaint discovery in state court. (Id.) Within two months of the accident,

5

plaintiff was communicating regularly with the counsel that it had hired to defend JVA and Mr. Tuzze in the underlying action. (Id.)

The court finds the reasonableness of plaintiff beginning to anticipate litigation depends on when it received the "preservation notice" sent by Donahue's counsel. This occurred on either February 9 or February 10, 2021. Plaintiff states that it received this letter on February 9, 2021, but the claims records indicates that the letter was sent to JVA on February 9, 2021 and then provided to plaintiff on February 10, 2021. (See TRV414 and Doc. 53-2). Regardless of whether the notice was received by plaintiff February 9th or 10th, the court finds it is reasonable to conclude that by February 11, 2021, the plaintiff anticipated litigation. Therefore, the privilege will apply to documents dated February 11, 2021 and beyond.

### 3. Application of the privileges to the disputed documents

#### A. Attorney-client privilege

After an *in camera* review, it appears that all of the documents that plaintiff seeks to withhold based upon the attorney-client privilege are indeed subject to that privilege. Thus, discovery of the following documents will not be ordered:

Document Numbers TRV00391-93; TRV00162-64; TRV00200; TRV00368- through TRV00371, TRV00375; TRV00385 through TRV00386; and TRV00398.

#### B. Work product doctrine privilege

After the *in camera* review, the court finds that several of the documents that plaintiff claims are covered by the work product privilege are in fact discoverable. The court concludes the following with regard to the work product privilege documents: Document Numbers TRV00408-TRV0447 are the claims notes. Plaintiff has apparently already provided opposing counsel with a redacted version of the claims notes. Based upon the above reasoning, the court finds that anything redacted in the claims file dated after February 10, 2021 shall remain redacted. The plaintiff, however, shall provide Defendant Donahue with unredacted copies of the entries dated February 10, 2021 or earlier. Specifically these documents are TRV00408 to near the bottom of TRV00416 before the date of entries changes to February 11, 2021.

Document Numbers TRV00117-120 are emails from prior to February 11, 2021 and shall be provided to Defendant Donahue.

Document Numbers TRV000123-126 are attachments to emails prior to February 11, 2021 and shall be provided to Defendant Donahue.

The remaining documents are protected by the privilege:

Document Numbers TRV00127-128; TRV000131-132; TRV00140; TRV00150; and TRV00158.

Accordingly:

7

**AND NOW**, to wit this ____ day of August 2024, the plaintiff is directed to provide unredacted copies of the documents set forth above that the court has found to be discoverable. These documents shall be provided within five (5) days. The other documents in the privilege log need not be provided.

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court